UNITED STATES of America,

v.

Robert FALVO, Defendant.

No. CR 84–00078.

United States District Court,
E.D. New York.

Dec. 5, 1984.

Raymond J. Dearie, U.S. Atty. by Anthony J. Siano, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Anthony Lombardino, Kew Gardens, N.Y., for defendant.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Defendant has moved to dismiss under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*

On April 14, 1982 defendant was indicted in the U.S. District Court for the Southern District of Florida on two counts of tax evasion. On April 27, 1982 a superseding indictment was returned, adding counts against defendant relating to an alleged scheme to defraud certain pharmaceutical manufacturers. On May 7, 1982 defendant was arraigned. On January 12, 1983 the court ordered the two tax counts severed. On April 12, 1983 defendant was convicted on the two non-tax counts. On April 21, 1983 defendant moved to transfer the two tax counts to New York. On June 10, 1983 the U.S. District Court for the Southern District of Florida ordered that the two tax counts be transferred to this Court. On November 29, 1983, the Clerk of the U.S. District Court for the Southern District of Florida noted on the docket sheet that copies of the two tax counts had been transmitted to this Court. On February 8, 1984 the tax counts were marked received and docketed in this Court. On September 10, 1984 defendant first appeared before this Court.

Under 18 U.S.C. § 3161(c)(1), trial shall commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

■ The government argues that the seventy day time period of § 3161(c)(1) did not commence until September 10, 1984, the date on which defendant first appeared before this Court. We reject this argument. The time period commenced May 7, 1982, the date on which defendant (having previously been indicted) appeared before a judicial officer of the U.S. District Court for the Southern District of Florida, the court in which the indictment was then pending. We see no reason why the transfer of a case from one district to another should entitle the government to have the time period start running anew from zero. Further, § 3161(h)(1)(G), by specifically excluding from the seventy day period "delay resulting from any proceeding relating to the transfer of a case", necessarily implies that the transfer of a case will not entitle the government to have the seventy day time period start running anew from zero. No authority cited by the government is relevant to the government's contention that, where a defendant has appeared before a judicial officer in one district on charges pending in that district and the case is then transferred to another district, the seventy day time period will start running anew from zero.

■ We need not discuss the extent (if any) to which time elapsing between May 7, 1982 (the date the seventy day period commenced) and June 10, 1983 (the date of the transfer order) is excludable. The government argues that the time between June 10, 1983 (the date of the transfer order) and February 8, 1984 (the date the case was docketed in this Court) is excludable under § 3161(h)(1)(G) as "delay resulting from any proceeding relating to the transfer of a case." We reject this argument. We hold that § 3161(h)(1)(G) excludes only *reasonable* delay. In the instant case, the eight month period elapsing between the date of the transfer order and the date the case was docketed in this Court clearly exceeds by far more than seventy days the amount of time which should reasonably have been spent in effecting the transfer. Consequently, we hold that the delay which took place between June 10, 1983 and February 8, 1984 in and of itself violated § 3161(c)(1). We therefore need not discuss the extent (if any) to which delay occurring prior to June 10, 1983 or subsequent to February 8, 1984 is excludable. Consequently, defendant's motion to dismiss should be granted pursuant to § 3162(a)(2). Further, upon considering all relevant factors, we hold that the dismissal should be with prejudice.[1]

This case is dismissed with prejudice. SO ORDERED.

---

1. On July 12, 1982 the Clerk of the Southern District of Florida docketed a document marked "Waiver of Speedy Trial", signed by defendant and his then attorney, and stating that defendant "hereby waives his rights to a Speedy Trial from the time of the Indictment as provided in the Speedy Trial Act." While a judge has authority to grant a defendant a continuance excludable from the seventy day period if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, § 3161(h)(8)(A), defendant's unilateral act in signing the vague "waiver" in the instant case cannot preclude defendant from now moving to dismiss on the basis of delays occurring long after the "waiver" was signed.